```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 4, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SILVESTER MCKANNEY,

                Plaintiff,

    -v-

DEPARTMENT OF THE NAVY,

                Defendant.
------------------------------------------------------- X

13 Civ. 1535 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

Pro se plaintiff Silvester McKanney seeks review of defendant Department of the Navy's denial of his request for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, and his subsequent appeals of that denial. Plaintiff filed this action on March 7, 2013 seeking, in substance, his "closed or sealed military field service jacket," which he alleges the Navy is improperly withholding. (Compl. at 3[1], ECF No. 1.)

On April 18, 2013, the parties appeared for a pretrial conference, at which the Court set a briefing schedule for motions to dismiss and motions for summary judgment. (ECF No. 7.) The Court also ordered the Navy to notify the Court of the measures it had taken to locate the records plaintiff seeks, as well as the results of those measures. (ECF No. 8.) In response, on May 27, 2013, the Navy submitted a nine-page letter supported by several exhibits that carefully explained the searches it has conducted and their finding—that the records plaintiff seeks do not exist.

---

[1] Because the complaint does not contain numbered paragraphs, all citations to the complaint in this opinion correspond to the page numbers of the ECF filing.

(ECF No. 10.) On June 28, 2013, the Navy made a timely motion to dismiss the complaint or, in the alternative, for summary judgment. (ECF No. 12.) Plaintiff was ordered to respond to the Navy's motion by July 31, 2013, and a copy of that order was sent to the address listed on the docket. (ECF No. 11.) To date, plaintiff has not done so. Accordingly, the Court will consider defendant's motion as unopposed.

For the reasons set forth below, defendant's motion is GRANTED.

## BACKGROUND

Plaintiff served in the Navy from 1978 to 1981. (Compl. at 7; Dursa Decl. Ex. F, ECF No. 15.) He refers to the records he seeks in his FOIA request alternately as a "closed field service jacket," a "sealed/closed military record," "part of his sealed FBI file," a "missions file," or a "command file." (Compl. at 3, 5, 7, 19.) He states that these records were kept separately from his regular personnel file. (Id. at 19.) According to plaintiff, the requested documents are records related to his Navy service, including medical evaluations, financial documents, and "a sealed FBI file." (Id. at 5-6.)

Plaintiff submitted his FOIA request on January 27, 2012. (Id. at 7.) The Chief of Naval Operations confirmed receipt of the request on March 16, 2012; because plaintiff's Naval service had concluded more than thirty years ago, his request was referred to the National Archives and Records Administration's National Personnel Records Center ("NPRC") in St. Louis, Missouri. (Id. at 10.) On March 28, 2012, the NPRC responded to plaintiff, stating that they did not have any

such records on file and noting that they had provided plaintiff a copy of "every personnel document in your military file and informed you that there was nothing else on file." (Dursa Decl. Ex. A.)

Plaintiff appealed on or about April 2, 2012, again requesting the same files. (Compl. at 11, 13, 16, 19, 22.) On May 1, 2012, the Navy Office of the Judge Advocate General ("OJAG") denied plaintiff's appeal, confirmed the adequacy of the searches that were previously undertaken for responsive records, and noted that it no longer had authority to further adjudicate the NPRC's determination that there were no responsive records. (Id. at 20-21.)

On June 26, 2012, the Office of the Secretary of the Navy ("SECNAV") wrote plaintiff in response to a telephone call he placed on June 11, 2012 regarding his request; SECNAV reported its understanding that OJAG had already given plaintiff a final decision of "No Records," and formally closed its file on plaintiff's FOIA request. (Id. at 22.)

On July 10, 2012, plaintiff faxed correspondence to OJAG seeking additional review of the denial of his appeal. (Dursa Decl. Ex. B at 1.) OJAG responded, on August 22, 2012, that OJAG had already provided a final determination as to plaintiff's request and appeal, which was that no responsive records were located. (Id.) OJAG informed plaintiff that his "recourse was to seek judicial review." (Id.) Additionally, OJAG contacted the Modern Military Records Branch ("MMRB") in Adelphi, Maryland to determine if they had any records responsive to plaintiff's

3

request. (Id.) Because MMRB had already received a FOIA request from plaintiff for the records, OJAG told plaintiff that MMRB would respond directly to him. (Id.)

## STANDARD OF REVIEW

Defendant moves to dismiss the complaint under both Federal Rule of Civil Procedure 12(b)(1) and 56(a).

Under Rule 12(b)(1), a case may be dismissed for lack of subject matter jurisdiction when the district court "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The court must accept a plaintiff's factual allegations in his complaint as true and draw all reasonable inferences in the plaintiff's favor. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). To survive a motion to dismiss under Rule 12(b)(1), a plaintiff has the burden of proving jurisdiction by a preponderance of the evidence. Makarova, 201 F.3d at 113 (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)).

Summary judgment may not be granted unless all of the submissions on such a motion, taken together, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In determining whether that party has met its burden, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732,

740 (2d Cir. 2010). The Court is not to act as a trier of fact or to weigh the evidence. Wevant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996).

In reviewing a motion for summary judgment involving a nonmoving, pro se plaintiff, the Court will "liberally construe[s] [the] pleadings and briefs submitted by [the] pro se litigant[]," "reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (quotation marks omitted). However, even a pro se plaintiff must offer some evidence that would defeat a motion for summary judgment. Saldana v. Local 32B-32J Serv. Emps. Int'l Union, No. 03 Civ. 1853, 2005 WL 66895, at *2 (S.D.N.Y. 2005) ("Even a pro se plaintiff [] cannot withstand a motion for summary judgment by relying merely on the allegations of a complaint.")

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." Jones-Edwards v. NSA, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005). Though the Supreme Court has framed the issues raised by FOIA dismissal motions in jurisdictional terms, see DOJ v. Tax Analysts, 492 U.S. 136, 142 (1989), the trend among courts in this and other circuits is to analyze such motions under Rule 56. See Hadden v. Bureau of Prisons, No. 07 Civ. 8586, 2008 WL 5429823, at *4 (S.D.N.Y. Dec. 22, 2008) (citing cases).

## DISCUSSION

Regardless of the procedural posture of the instant motion, the complaint must be dismissed because, on the record before the Court, plaintiff fails to satisfy the subject matter jurisdiction requirements for a FOIA action.

Federal jurisdiction in a FOIA action "is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" Tax Analysts, 492 U.S. at 142 (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)).  Documents qualify as "agency records" if the agency "either create[d] or obtain[ed]" the document, and the agency has "control of the requested materials at the time the FOIA request is made." Tax Analysts, 492 U.S. at 144-45 (citations omitted).  If the requested documents are not on the premises of the agency at the time of the request, then the agency's failure to produce them does not qualify as "withholding" the documents. Id. at 148-49.  A refusal to provide requested materials is "improper" if it relies upon an overly broad construction of one of the nine enumerated exemptions in 5 U.S.C. § 552(b). Id. at 151.

To prevail on a motion for summary judgment, the defending agency "has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." Associated Press v. DOJ, No. 06 Civ. 1758 (LAP), 2007 WL 737476, at *3 (S.D.N.Y. Mar. 7, 2007), aff'd, 549 F.3d 62 (2d Cir. 2008).  The agency must show a "good faith effort to search for the requested documents, using methods 'reasonably calculated' to produce documents responsive to the FOIA request." Garcia v. DOJ, 181 F. Supp. 2d 365 (S.D.N.Y. 2002) (quoting Weisberg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  If affidavits submitted as evidence of the search "are adequate on their face," the court may grant summary judgment. Carney v. DOJ, 19 F.3d 807, 812 (2d Cir. 1994) (holding that affidavit from agency employee who conducted FOIA search satisfied burden for summary

6

judgment). An affidavit is adequate if it "contain[s] reasonable specificity of detail rather than merely conclusory statements, and . . .[is]not called into question by contradictory evidence in the record or by evidence of agency bad faith." Grand Central P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (quoting Gallant v. NLRB, 26 F.3d 168, 171 (D.C. Cir. 1994).

The Navy does not argue that the records plaintiff seeks fall under a FOIA exemption[2]; rather, they argue that, after conducting searches reasonably calculated to locate these records (both before and after plaintiff filed this action), it has determined that the records do not exist.

The Court finds that the steps the Navy has taken to respond to plaintiff's FOIA requests are more than adequate. In support of its motion, the Navy submitted a declaration by Lieutenant Matthew Dursa, an OJAG Litigation Attorney who has reviewed the Navy's files regarding plaintiff's FOIA request and appeals. (Dursa Decl. ¶¶ 1, 3.) The Dursa Declaration and supporting documents (many of which plaintiff also submitted as attachments to the complaint) confirm that the Navy "determined that the most likely place to locate the [records] was NPRC in St. Louis, MO," that the NPRC conducted searches of its records, and did not locate the records plaintiff alleges exist. (Id. ¶¶ 4-5.) In fact, the NPRC "confirmed that it had produced all of [plaintiff's] personnel records in response to an earlier FOIA request, in 2008." (Id. ¶ 6.) The Dursa Declaration also confirms

---

[2] The Court notes that the Navy did not submit a so-called Glomar response, "in which an agency refuses to confirm or deny the existence of a record requested under FOIA," but attests that the types of records that plaintiff seeks do not exist, either for him or as a system of records. See Wilner v. NSA, 592 F.3d 60, 69 (2d Cir. 2009).

that searches for the documents plaintiff alleges exist were conducted by the Naval Personnel Command, the entity that "maintains the Official Military Personnel File for U.S. Navy service members with accompanying personnel databases," as well as the Naval Criminal Investigative Service, SECNAV, and MMRB. (Id. ¶¶ 7-9.) All four entities found nothing. (Id. ¶ 7-10.)

Additionally, the Navy renewed its prior searches for responsive records after receiving the complaint; the OJAG "reviewed the entire Navy system of records notices [SORNs]," spanning "168 systems of records from which personal information about an individual is retrievable by the name of the individual." (Id. ¶¶ 11, 15.) Though one SORN initially "appear[ed] potentially responsive to plaintiff's request," subsequent searches returned no responsive records. (Id. ¶¶ 16-17.) OJAG also "reviewed the Department of Defense's . . . SORNs," though it concluded "the only reasonable places to look for responsive records are the systems the Navy already searched." (Id. ¶¶ 19-20).

In sum, the Navy's exhaustive searches in response to plaintiff's FOIA request, coupled with its post-complaint review of its prior search process and additional searches of other sources, more than satisfies the "reasonably calculated searches" standard to prevail on a motion for summary judgment required in this and other circuits. See Amnesty Int'l USA v. CIA, 728 F. Supp. 2d 479, 498 (S.D.N.Y. 2010) (noting that an agency need not search every file for a requested document, but must pursue "leads that raise red flags pointing to the probable existence of responsive agency records") (quoting Wiesner v. FBI, 668 F. Supp. 2d

8

164, 170-71 (D.D.C. 2009). No evidence in the record suggests that either the Navy's searches were deficient or that the records plaintiff seeks exist (beyond plaintiff's assertions that they do). As is demonstrated by the unopposed Dursa Declaration and the lengthy letter the Navy submitted in this action on May 27, 2013 detailing its search efforts, the Navy has more than adequately demonstrated that the complaint lacks subject matter jurisdiction and that it is entitled to summary judgment.

## CONCLUSION

For these reasons, defendant's motion to dismiss or, alternatively, for summary judgment is GRANTED. The Clerk of Court is directed to close the motion at ECF No. 12 and to terminate this action.

SO ORDERED.

Dated:   New York, New York
         November 4, 2013

_____
KATHERINE B. FORREST
United States District Judge

Copy to:

Silvester McKanney
2266 Andrews Ave.
Apt. 1-D
Bronx, NY 10468